**No. 54885.**—Geo. S. Bush & Co., Inc. *v.* United States, protest 148083–K (Seattle).

FORD, Judge: The case listed above presents for our determination the question of the proper classification of certain imported merchandise which was classified as "Packaging machines 'other,'" "Food cutting machine," and "Parts for above," and duty was levied thereon at the rate of 27½ per centum ad valorem under paragraph 372 of the Tariff Act of 1930. Plaintiff's protest is couched in the following language:

Articles consisting of can-filling machines and an elevator fish cutter and parts, assessed at 27½ percent under paragraph 372, relating to machines and parts n. s. p. f., should have been assessed at 15 percent under said paragraph as modified by T. D. 51802, on "other machines" and parts.

At the trial of this case and without objection on the part of defendant, there was admitted in evidence as being descriptive of the can-filling machine, both in its form and in its method of operation, a document which is entitled "Pamphlet No. 11." This document was marked plaintiff's exhibit 1.

Plaintiff also offered and there was admitted in evidence as illustrative exhibit 2, a photograph, which it was agreed was descriptive of the merchandise invoiced as an elevator fish cutter.

The examiner of merchandise then testified as to the operation of the elevator fish cutter, and counsel for the respective parties agreed that the examiner's description of the operation of the elevator fish cutter was correct.

As to the merchandise which was classified as "Parts for above," neither party offered any evidence.

Paragraph 372 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, specifically excepts from its operation "wrapping and packaging machines; food grinding or cutting machines." It is therefore clear that if the merchandise in question consists of "Packaging machines" and a "Food cutting machine," as classified by the collector, they are, by the language of the General Agreement on Tariffs and Trade, *supra*, exempt from the provisions thereof, and the collector's classification must be upheld.

We have carefully examined the meager record upon which this case was submitted, and have given due consideration to the involved statutes in the light of the arguments presented in the briefs filed by the respective parties, and find that the evidence herein is not sufficient to overcome the presumption of

correctness in favor of the collector's classification or to establish any of the claims made by the plaintiff. All claims of the plaintiff are therefore overruled. Judgment will be rendered accordingly.